UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATRICK COLLINS, INC.,**

    Plaintiff,

v.                                                    Case No. 8:11-CV-0574-T-17EAJ

**JOHN DOES 1-4,**

    Defendants.
_____/

## ORDER

Before the court is Plaintiff's **Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference** (Dkt. 2).

Plaintiff brings claims against four "John Doe" Defendants ("the Does") under the Copyright Act, 17 U.S.C. § 101 et seq., alleging the Does used a peer-to-peer file-sharing protocol to transmit Plaintiff's copyrighted motion picture from certain computers without authorization (Dkt. 1 ¶¶ 11-35). Plaintiff's investigator identified four Internet Protocol ("IP") addresses assigned to the computers when the transmissions occurred (Id. ¶¶ 36-38). At the time, "Road Runner" ("the ISP") had assigned the IP addresses to computers located in Clearwater, Maitland, Orlando, and Winter Park, Florida (Dkt. 2 Ex. 1). Plaintiff seeks permission to issue a subpoena to the ISP under Fed. R. Civ. P. 45 seeking the names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of the corresponding subscribers ("the Subscribers").

Generally, a party may not seek discovery "from any source" before the parties have conferred and developed a discovery plan. Fed. R. Civ. P. 26(d)(1), (f). Early discovery may be sought, however, when authorized by a court order. Fed. R. Civ. P. 26(d)(1). A court order, in turn,

is appropriate "upon a showing of 'good cause.'" Platinum Mfg. Int'l v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (citations omitted).

"In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (citations omitted). Courts applying this test have permitted subpoenas to ISPs seeking subscriber information where the plaintiff alleges infringement, but can identify the alleged infringer only by reference to an IP address. See, e.g., Allcare Dental Mgmt. v. Zrinyi, No. CV-08-407-S-BLW, 2008 WL 4649131, at *1 (D. Idaho Oct. 20, 2008); UMG Recordings, 2008 WL 4104214, at *5; Kimberlite Corp. v. John Does 1-20, No. C08-2147 TEH, 2008 WL 2264485, at *3 (N.D. Cal. June 2, 2008).

Plaintiff makes a prima facie showing of copyright infringement in the complaint. Moreover, there appears to be no other avenue by which Plaintiff can identify Defendants. Finally, Plaintiff has provided evidence that the ISP may destroy its logs prior to a Rule 26(f) conference (Dkt. 3). Therefore, Plaintiff shall be permitted to issue a Rule 45 subpoena to the ISP.

The subpoena shall state the IP address and date and time of each alleged infringing transmission and seek the Subscribers' names and addresses in order that Plaintiff may serve these "John Doe" defendants. The subpoena may not require the ISP to provide the Subscribers' phone numbers, e-mail addresses, and MAC addresses at this time. See, e.g., Kimberlite, 2008 WL 2264485, at *2 (restricting subpoena to names and addresses). Whether that information may be sought at a later date depends on the factual predicate established by Plaintiff. To further protect the

Subscribers' privacy rights, they shall receive notice of the subpoena and be afforded an opportunity to challenge it, before the ISP produces their names and addresses. See UMG Recordings, 2008 WL 4104214, at *6; Kimberlite Corp., 2008 WL 2264485, at *3.[1]

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. 2) is **GRANTED IN PART**;

(2) Plaintiff may issue a Rule 45 subpoena to the ISP seeking the Subscribers' names and addresses;

(3) On or before March 29, 2011, Plaintiff shall serve a copy of this order and the subpoena on the ISP;

(4) On or before April 5, 2011, the ISP shall serve a copy of this order and the subpoena on each Subscriber;

(5) On or before April 19, 2011, the ISP and each Subscriber may move to quash the subpoena; and

(6) If the ISP does not timely move to quash the subpoena, then on or before April 26, 2011, the ISP shall produce to Plaintiff's counsel the name and address of each Subscriber that did not timely move to quash the subpoena.

**DONE AND ORDERED** in Tampa, Florida on this 23rd day of March, 2011.

---

[1] This requirement will also ensure the ISP's compliance with the Cable Communications Policy Act, 47 U.S.C. § 501 et seq., if applicable. Although the Act generally bars a cable operator from disclosing a subscriber's personally identifiable information without prior written or electronic consent, disclosure pursuant to a court order is permitted "if the subscriber is notified of such order by the person to whom the order is directed." Id. § 551(c)(1), (c)(2)(B). See, e.g., Zrinyi, 2008 WL 4649131, at *1.

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge